770

OHIO FARMERS INSURANCE COM-
PANY, Ohio Farmers Indemnity
Company

v.

Ezra LANTZ, Robert L. Lantz, Marie
Yoder, Carol M. Yoder, Larry Haarer,
———— Haarer, father of Larry
Haarer, whose true Christian name is
not known, Robert D. Myers, Imogene
L. Myers, Elmer R. Miller, Betty Jane
Miller, State Bank of Shipshewana, In-
diana, Farm Bureau Mutual Insurance
Company.

Civ. No. 1733.

United States District Court
N. D. Indiana, South Bend Division.

Nov. 15, 1956.

Roland Obenchain, Jr., South Bend,
Ind., for plaintiffs.

Joseph J. Hemphling, South Bend, Ind.,
Charles W. Ainlay, Carl L. Chattin, Go-
shen, Ind., for defendants.

PARKINSON, District Judge.

This is a declaratory judgment action
involving an automobile insurance policy,
which was tried to the court and now so-
licits the decision of this court on the
merits.

Upon the trial two questions were pro-
pounded to the witness, Robert Lantz, by
the appearing defendants calling for a
conversation with the plaintiffs' agent
prior to the issuance of the policy in suit,
to which the plaintiffs objected and the

court reserved its ruling thereon. The record in this regard is as follows:

"Q. What did you tell her with reference to the title to this automobile?

"Mr. Obenchain: To which we will object if the effect of the evidence is to vary or change the terms of the written policy.

"The Court: Let the record show the Court reserves its ruling. The Court will hear the evidence at this time. You may answer. A. I told her that I wasn't old enough to have the title in my name, myself, so my father signed the title for me.

"Q. What, if anything, did Mrs. Blosser say in that regard?

"Mr. Obenchain: To which we will object if the purport of it is intended to change or vary the terms of the written instrument.

"The Court: Let the record show the court reserves its ruling. A. She said there would be additional charge, being that I wasn't old enough to have the car in my name."

█ It is the law in Indiana, which here applies, that when a contract is reduced to writing, and this includes an insurance policy, the entire contract, as finally settled, is embraced therein, and all oral negotiations and stipulations between the parties which preceded or accompanied the execution thereof are to be regarded as merged therein, and it is to be treated as the exclusive medium of ascertaining the contract by which the parties bound themselves and parol testimony cannot be received to contradict or vary the terms thereof. King v. Enterprise Insurance Co., 1873, 45 Ind. 43, 57 and 58.

█ The insurance policy had been introduced in evidence and stipulated that Ezra Lantz was the sole owner of the automobile insured and, therefore, the objections of the plaintiffs must be sustained and this evidence cannot and will not be considered by the court.

The facts are that on May 7, 1951 the plaintiffs issued a policy on a 1947 Chev-

rolet automobile to the defendant, Ezra Lantz, as the sole owner, with premium due on issuance and on November 6, 1951 which were paid; that on February 16, 1952, as stipulated in evidence by the parties, the defendant, Ezra Lantz, transferred and conveyed to the defendant, Robert L. Lantz, all of his right, title and interest in the automobile covered by the insurance contract, and thereafter, on March 11, 1952, the defendant, Robert L. Lantz, was operating said automobile and a collision occurred resulting in damages having been sustained by the appearing defendants for which they claim the plaintiffs are liable under the policy issued.

The policy and the broad coverage endorsement thereto attached, in applicable part, provide,

"This Policy applies only to accidents which occur while the automobile is owned, maintained, and used for the purposes stated as applicable thereto in the Declarations."

█ In the Declarations it was stated that the defendant, Ezra Lantz, was the sole owner of the automobile covered. Therefore, the policy did not apply to nor cover the accident which occurred on March 11, 1952, while the defendant, Robert L. Lantz, was operating the automobile after the defendant, Ezra Lantz, had transferred and conveyed all his right, title and interest therein on February 16, 1952, and the defendant, Ezra Lantz, was not the owner of said automobile, actual or constructive, legal or equitable, and there is no liability on the part of the plaintiffs under the policy by reason of the collision of March 11, 1952.

█ The policy did not become null and void upon the defendant, Ezra Lantz, transferring and conveying all his right, title and interest in the automobile on February 16, 1952. He had the right to make an assignment thereof with the consent of the insurer, or would have been covered had he again become the owner of the automobile during the period for which the premium had been paid. The defendant, Ezra Lantz, having transferred and conveyed all his right, title

and interest in and to the automobile prior to the collision on March 11, 1952, at the time of the collision, there was no coverage under the policy on the 1947 Chevrolet automobile therein described.

We, therefore, hold that the plaintiffs are entitled to a judgment that the plaintiffs are not liable under the insurance policy to any of the defendants to make any payments, defend any actions or pay any judgments by reason of the collision of March 11, 1952, and that the cross-complainant, Carol M. Yoder, take nothing by reason of her cross-complaint, at the costs of the defendants.

Findings of fact and conclusions of law in accord with this opinion are filed herewith and the clerk is ordered to enter judgment accordingly.